EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2025 TSPR 63 |
| | |
| José A. Saliceti Maldonado | 215 DPR ___ |

Número del Caso:  TS-4,544


Fecha:  29 de mayo de 2025


Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la notaría por craso incumplimiento con los requerimientos de la Oficina de Inspección de Notarías.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* | | |
| José A. Saliceti Maldonado | TS-4,544 | |

**PER CURIAM**

En San Juan, Puerto Rico, a 29 de mayo de 2025.

Nos corresponde ejercer nuestro poder disciplinario para suspender al Lcdo. José A. Saliceti Maldonado (licenciado Saliceti Maldonado o notario) inmediata e indefinidamente del ejercicio de la notaría por craso incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN).

Veamos los elementos fácticos que dieron lugar a nuestro proceder.

**I**

El licenciado Saliceti Maldonado fue admitido al ejercicio de la abogacía el 5 de junio de 1974 y al notariado el 9 de julio de 1974. En lo que aquí nos concierne, el pasado 22 de abril de 2025, la ODIN presentó ante nos un *Informe Especial sobre Incumplimiento en la Corrección de Deficiencias Notificadas y en Solicitud de Remedios*. Según adujo nuestra dependencia, existe un patrón de incumplimiento por parte del licenciado Saliceti Maldonado con los requerimientos del ordenamiento notarial y para atender ciertos asuntos notificados por la ODIN.

En específico, como parte del proceso ordinario de inspección que encamina la ODIN, el 6 de agosto de 2021, la Lcda. Teresa Trujillo Ortiz (licenciada Trujillo Ortiz), Inspectora de Protocolos y Notarías, inició el proceso de examen de obra notarial autorizada por el licenciado Saliceti Maldonado para los años naturales 2013 al 2020. Posteriormente, el 3 de abril de 2024, la Lcda. Angela L. León Rodríguez (licenciada León Rodríguez), Inspectora de Protocolos y Notarías, inició un proceso extraordinario paralelo de examen de la obra notarial autorizada por el licenciado Saliceti Maldonado para los años naturales 2021 al 2023.

Tras culminar el proceso ordinario de inspección para la obra notarial formada en los años naturales 2013 al 2020, el 26 de junio de 2024, la licenciada Trujillo Ortiz presentó un *Informe de deficiencias de la obra notarial del Lcdo. José A. Saliceti Maldonado, Notario Número 4544*. En lo pertinente, sostuvo que el examen de la obra discurrió desde el 6 de mayo de 2021 al 19 de mayo de 2021. Indicó que, posteriormente, desde el 14 de junio de 2023 al 29 de mayo de 2024, se reunió en cuatro instancias con el licenciado Saliceti Maldonado para atender el proceso de reinspección de la obra examinada. No obstante, la licenciada Trujillo Ortiz planteó que, a pesar de orientar al notario sobre los trámites que debía encaminar para cumplir con la subsanación de la obra examinada, el licenciado Saliceti Maldonado confirmó su desconocimiento en cuanto a ello.

Entre los señalamientos indicados por la licenciada Trujillo Ortiz, esta destacó:

a) Una deficiencia arancelaria de $435.00;

b) La falta de firmas e iniciales de partes otorgantes en múltiples instrumentos públicos;

c) Alteraciones al contenido de las escrituras públicas, mediante anotaciones en puño y letra en el cuerpo de los instrumentos;

d) La adición de documentos grapados al dorso de los folios de los instrumentos;

e) Alrededor de treinta (30) instrumentos públicos que carecen de eficacia en el tráfico jurídico por errores que el letrado aún no ha subsanado;[1] y

f) La omisión de múltiples asientos de testimonios en dos volúmenes del Libro de Registro de Testimonios.

El 2 de julio de 2024, tras la presentación del informe suscrito por la licenciada Trujillo Ortiz, la ODIN remitió una misiva, exclusivamente por correo electrónico a la dirección electrónica de notificaciones que obra en el RUA del licenciado Saliceti Maldonado. Mediante esta, le confirió un término de quince (15) días calendario para reaccionar al mismo. Además, le requirió al letrado certificar la cancelación de la deficiencia arancelaria notificada, y le apercibió que su incumplimiento conllevaría encaminar un proceso disciplinario ante esta Curia.

---

[1] Según el *Informe*, estos instrumentos carecen de eficacia porque falta la firma e iniciales de las partes otorgantes, o porque el negocio instrumentado no obtuvo las autorizaciones de las entidades gubernamentales correspondientes previo a su otorgación.

Al responder al *Informe* el 30 de julio de 2024, el licenciado Saliceti Maldonado expuso que una serie de asuntos personales habían afectado el proceso de subsanación de su obra notarial. Alegó que la licenciada Trujillo Ortiz tuvo que reprogramar varias reuniones, impidiéndole dialogar con ella ciertas dudas relacionadas al examen de obra realizada. Además, solicitó que se le confiriera una extensión de término para completar el proceso de subsanación. Ante ello, la ODIN destacó que el notario guardó silencio respecto a la cancelación de la deficiencia arancelaria señalada.

Por su parte, el 31 de julio de 2024, culminado el proceso de examen extraordinario de la obra notarial formada en los años naturales 2021 al 2023, la licenciada León Rodríguez presentó un *Informe de Inspección del Lcdo. José A. Saliceti Maldonado, notario número 4544*. En su escrito, identificó los siguientes señalamientos a subsanar:

a) Una deficiencia arancelaria ascendente a $67.50;

b) La falta de firmas e iniciales de partes otorgantes en múltiples instrumentos públicos;

c) Al menos un instrumento público extraviado, cuya reconstrucción el letrado debe encaminar; y

d) Alrededor de quince (15) instrumentos públicos que carecen de eficacia en el tráfico jurídico por errores que el letrado aún no ha subsanado.[2]

---

[2] Según el *Informe*, estos instrumentos carecen de eficacia porque falta la firma e iniciales de las partes otorgantes, porque el valor del negocio instrumentado es incorrecto, o porque la parte compareciente carecía de facultad legal para otorgar y suscribir el instrumento.

El 16 de agosto de 2024, la ODIN cursó una comunicación al licenciado Saliceti Maldonado, remitida a la dirección oficial de notificaciones que obra en el RUA del licenciado Saliceti Maldonado. Mediante esta, le concedió al notario hasta el 16 de septiembre de 2024 para completar el proceso de subsanación de las deficiencias notificadas por ambas Inspectoras. A su vez, se le informó al notario que ambas funcionarias visitarían su sede notarial el 17 de septiembre de 2024 para realizar la reinspección final de la obra notarial examinada.

Llegado el día, la licenciada León Rodríguez acudió a la sede notarial del notario, pero este le informó que no podía celebrarse la reunión porque "no había recibido citación de la visita a su correo electrónico". Es decir, la obra protocolar no fue subsanada, y, por lo tanto, no fue aprobada.

Por otro lado, la licenciada Trujillo Ortiz no pudo comparecer el 17 de septiembre de 2024, y coordinó la referida visita para el 21 de octubre de 2024. Llegada la fecha acordada, el licenciado Saliceti Maldonado no atendió ninguno de los señalamientos esbozados, por lo cual la obra tampoco pudo ser aprobada en esta ocasión. Ante ello, el 31 de marzo de 2025, ambas Inspectoras actualizaron sus respectivos *Informes*, y confirmaron que las obras protocolares examinadas no habían sido subsanadas. Además, indicaron que el licenciado Saliceti Maldonado no se había comunicado con funcionarios de la ODIN para completar los procesos de examen de obra notarial encaminados, a pesar de

continuar autorizando instrumentos públicos y legitimando testimonios durante el año natural 2024 y hasta el mes de marzo de 2025.

Así las cosas, el 2 de mayo de 2025, acogimos las recomendaciones de ODIN, mediante *Resolución*. En lo pertinente al asunto que nos concierne, concedimos un término perentorio de diez (10) días para que el licenciado Saliceti Maldonado mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía y notaría, y sesenta (60) días para subsanar las deficiencias señaladas por la ODIN. También ordenamos la incautación inmediata de su obra y sello notarial. Además, le apercibimos que el reiterado incumplimiento con las órdenes de este Tribunal pudiese acarrear la imposición de sanciones disciplinarias mayores, incluyendo el referido automático del presente asunto al proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

El 8 de mayo de 2025, el licenciado Saliceti Maldonado presentó un escrito mediante el cual señaló que, a pesar de conocer su responsabilidad profesional en cuanto a los documentos otorgados, su vida personal y profesional había cambiado significativamente. Nos informó que estuvo hospitalizado en los años 2016, 2018 y 2021, y que su esposa falleció el 24 de agosto de 2021. También expresó que su secretaria de más de treinta (30) años de servicio renunció en el año 2017, y ha tenido dificultad en reemplazarla.

A su vez, el notario solicitó que se le autorizara retener su obra y sello notarial hasta el mes de septiembre,

con el propósito de realizar la subsanación de las deficiencias señaladas. Sin embargo, el 6 de mayo de 2025, el Alguacil General de este Tribunal acreditó haber incautado dicha obra y sello. Por tanto, el 15 de mayo de 2025, proveímos no ha lugar a la solicitud del licenciado Saliceti Maldonado.

Expuesto el asunto ante nosotros, procedemos a resolver.

**II**

El Canon 9 del Código de Ética Profesional exige que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[3] De allí surge la obligación que tienen los abogados y abogadas de responder oportuna y diligentemente a los requerimientos de este Tribunal.[4] Hemos resuelto reiteradamente que la desatención a nuestras órdenes acarrea la suspensión del ejercicio de la profesión.[5] Por tal razón, si luego de proveerle un término a un abogado para que muestre causa por la cual no deba ser suspendido, este incumple con nuestro mandato, procede que sea sancionado con la suspensión indefinida del ejercicio de la abogacía y la notaría.[6]

Cabe mencionar que **la obligación que surge del Canon 9 se extiende igualmente a las exigencias que pueda hacer la ODIN.**[7] Por tanto, un abogado o abogada que desatiende las órdenes de este Tribunal, al igual que los requerimientos

---

[3] Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX.
[4] *In re Alers Morales*, 204 DPR 515, 519 (2020).
[5] *Íd.*
[6] *In re Amiama Laguardia*, 196 DPR 844, 847 (2016).
[7] *In re Alers Morales*, *supra*, pág. 519.

de la ODIN, viola el Canon 9.[8]  De este modo, los notarios tienen el deber de subsanar con premura toda falta señalada por la ODIN.[9]

En lo pertinente al proceso de subsanación de obra notarial, hemos expresado que, una vez la ODIN señala las deficiencias a ser subsanadas, los notarios no pueden asumir una actitud pasiva y confiar en que la ODIN los contactará para corroborar si corrigieron adecuadamente las faltas señaladas.[10]  Por el contrario, deben subsanar las deficiencias y coordinar una próxima reunión con la ODIN para efectuar la reinspección de la obra notarial y culminar el procedimiento.[11] De esta forma, cuando los profesionales de la notaría ignoran los señalamientos de faltas y su corrección, éstos menoscaban el ejercicio del deber fiscalizador de la ODIN y transgreden su deber de respeto hacia los requerimientos de esta entidad.[12]

**III**

En esta ocasión nos corresponde únicamente atender la evidente desidia e indiferencia con la que el licenciado Saliceti Maldonado ha procedido para la subsanación de su obra protocolar y el cumplimiento de otros señalamientos. Tal y como expresó la ODIN, durante más de cuatro (4) años se le ha conferido al notario amplia oportunidad para completar el proceso de subsanación de su obra, ratificar

---

[8] *Íd.*
[9] *In re Amiama Laguardia*, *supra*, pág. 847.
[10] *In re Salas González*, 193 DPR 387,391-392 (2015).
[11] *Íd*, pág. 392.
[12] *In re Valenzuela Flores*, 211 DPR 934, 940 (2023).

ciertos negocios jurídicos y cancelar las deficiencias arancelarias notificadas, así como para cumplir con los requerimientos hechos por la ODIN en torno a tal proceso. No obstante, el licenciado Saliceti Maldonado ha infringido reiteradamente con todo lo antes mencionado y no ha tomado la debida seriedad para atender los señalamientos.

El licenciado Saliceti Maldonado también ha incumplido con lo ordenado por esta Curia, mediante *Resolución* fechada el 2 de mayo de 2025. Le concedimos diez (10) días para mostrar justa causa por lo cual no debía ser suspendido del ejercicio de la abogacía y notaría. Sin embargo, este se limitó a alegar la existencia de eventos personales que han cambiado su vida personal y profesional significativamente. Entre estos, mencionó varias hospitalizaciones en los años 2016, 2018 y 2021; el fallecimiento de su esposa en el año 2021; y la pérdida de su secretaria en el año 2017. A pesar de empatizar con las situaciones esbozadas por el notario, entendemos que estas no constituyen justa causa para justificar su reiterado patrón de negligencia e incumplimiento en relación con los requerimientos del ordenamiento notarial y la gestión de los asuntos que le han sido encomendados.

Por su falta de diligencia para concluir el proceso de subsanación de su obra protocolar, al igual que su reiterado incumplimiento con las órdenes de este Tribunal y los requerimientos de la ODIN, nos vemos obligados a suspender de manera inmediata e indefinida del ejercicio de la notaría al licenciado Saliceti Maldonado.

**IV**

Por los fundamentos previamente expuestos en esta Opinión *Per Curiam*, se decreta la suspensión inmediata e indefinida del licenciado Saliceti Maldonado del ejercicio de la notaría, por su craso incumplimiento con los requerimientos de la ODIN, la Ley Notarial y su reglamento.

La fianza notarial del licenciado Saliceti Maldonado queda automáticamente cancelada y se considerará buena y válida por tres años después de la terminación en cuanto a actos realizados por el letrado durante el periodo en que la misma estuvo vigente.

Se le ordena al licenciado Saliceti Maldonado a que notifique a quienes hayan procurado sus servicios notariales de su inhabilidad para atender los trabajos pendientes y que devuelva aquellos honorarios notariales recibidos por trabajos aún no rendidos.

Tras haber concedido al licenciado Saliceti Maldonado sesenta (60) días para subsanar las deficiencias señaladas por la ODIN, le ordenamos contratar los servicios de un notario para subsanar o ratificar los negocios jurídicos ineficaces en su obra protocolar y atender los otros señalamientos. Se le apercibe que su incumplimiento con el término dispuesto conllevará el referido automático del presente asunto al proceso de Desacato Civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan. Además, pudiese acarrear su suspensión inmediata e indefinida del

ejercicio de la abogacía, y podrá no ser considerado para reinstalación en un futuro.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

José A. Saliceti Maldonado | TS-4,544

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de mayo de 2025.

Por los fundamentos expuestos en la *Opinión Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. José A. Saliceti Maldonado del ejercicio de la notaría.

La fianza notarial del licenciado Saliceti Maldonado queda automáticamente cancelada y se considerará buena y válida por tres años después de la terminación en cuanto a actos realizados por el letrado durante el periodo en que la misma estuvo vigente.

Se le ordena al licenciado Saliceti Maldonado a que notifique a quienes hayan procurado sus servicios notariales de su inhabilidad para atender los trabajos pendientes y que devuelva aquellos honorarios notariales recibidos por trabajos aún no rendidos.

Tras haber concedido al licenciado Saliceti Maldonado sesenta (60) días para subsanar las deficiencias señaladas por la ODIN, le ordenamos contratar los servicios de un notario para subsanar o ratificar los negocios jurídicos ineficaces en su obra protocolar y atender los otros señalamientos.

Se le apercibe que su incumplimiento con el término dispuesto conllevará el referido automático del presente asunto al proceso de Desacato Civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan. Además, pudiese acarrear su suspensión inmediata e indefinida del ejercicio de la abogacía, y podrá no ser considerado para reinstalación en un futuro.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez no intervinieron.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo